<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4095**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

    v.

ROBERT DEWAYNE MILLIGAN, a/k/a Wayne,

              Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge. (4:12-cr-00669-RBH-6)

Submitted:  June 16, 2014         Decided:  June 26, 2014

Before MOTZ, DUNCAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Beattie B. Ashmore, BEATTIE B. ASHMORE, P.A., Greenville, South Carolina, for Appellant. Arthur Bradley Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Dewayne Milligan pled guilty in accordance with a written plea agreement to conspiracy to possess with intent to distribute and to distribute cocaine, cocaine base, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2012). Middleton was sentenced to 168 months in prison. He now appeals. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), questioning whether the guilty plea was valid and the sentence reasonable but concluding that there are no meritorious issues for appeal. Milligan has filed a pro se brief raising one issue. We affirm.

After careful review, we conclude that the guilty plea was valid. Milligan stated at the Fed. R. Crim. P. 11 hearing that he was twenty-nine, had a tenth grade education, and was not under the influence of drugs or alcohol. He said that he was completely satisfied with his attorney's services. Milligan represented that he was guilty, and he agreed that the case agent's summary of the offense was accurate. He affirmed that his plea was not the result of threats or promises other than those contained in the plea agreement. Finally, the district court fully complied with the requirements of Rule 11.

With respect to sentencing, Milligan was found to be a career offender because of two prior felony drug convictions. See U.S. Sentencing Guidelines § 4B1.1(a) (2012). Milligan

2

concedes that he was convicted of those offenses. He argues, however, that, because he received a suspended sentence for each, neither qualifies as a predicate felony for purposes of § 4B1.1(a). We reject this position, noting simply that there is no requirement that an offender have served time for a prior felony conviction for it to qualify under the Guideline.

We conclude that Milligan's sentence is procedurally and substantively reasonable. The district court correctly calculated the Guidelines range, addressed the applicable 18 U.S.C. § 3553(a) (2012) sentencing factors, considered the arguments of the parties, and made an individualized assessment in selecting the 168-month sentence. See Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Carter, 564 F.3d 325, 328-30 (4th Cir. 2009). Further, the sentence is reasonable given the totality of the circumstances. See id.

Pursuant to Anders, we have reviewed the entire record and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Milligan, in writing, of his right to petition the Supreme Court of the United States for further review. If Milligan requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof

3

was served on Milligan.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED